Matter of Kurzman (2018 NY Slip Op 06014)





Matter of Kurzman


2018 NY Slip Op 06014


Decided on September 12, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL, JJ.


2016-06542

[*1]In the Matter of Marc G. Kurzman, admitted as Marc Geoffrey Kurzman, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Marc G. Kurzman, respondent. (Attorney Registration No. 3465317)



Application by the Grievance Committee for the Ninth Judicial District pursuant to former 22 NYCRR 691.3 to impose discipline on the respondent based upon disciplinary action taken against him by the Supreme Court of the State of Minnesota. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 23, 1972, under the name Marc Geoffrey Kurzman. By decision and order on application of this Court dated January 20, 2017, as amended, the Grievance Committee's application to impose reciprocal discipline upon the respondent was held in abeyance pending a hearing, upon the respondent's request, and the defenses asserted were referred to the Honorable John M. Perone, as Special Referee, to hear and report.



Gary L. Casella, White Plains, NY (Matthew Lee-Renert of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
By opinion filed November 25, 2015, the Supreme Court of the State of Minnesota suspended the respondent from the practice of law in that state for a period of 60 days. In response to an application by the Grievance Committee for the Ninth Judicial District to impose reciprocal discipline upon the respondent pursuant to former 22 NYCRR 691.3, the respondent filed a verified statement asserting defenses to the imposition of reciprocal discipline, and requested a hearing. Pursuant to a stipulation executed on or about August 3, 2017, the parties agreed to accept various specified exhibits as the evidentiary record in lieu of a hearing. The Grievance Committee for the Ninth Judicial District now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither served a response to the motion, nor has he requested additional time in which to do so.
Minnesota Supreme Court
The underlying facts, as set forth in the opinion of the Supreme Court of the State of Minnesota, are as follows:
The Director of the Minnesota Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that the respondent committed professional misconduct warranting public discipline. The two-count petition charged the respondent with five charges: inappropriately questioning a witness during a deposition; two charges of failing to provide two different clients with their files within a reasonable period of time (one charge as to each client); failing to submit records to the court as directed; and providing confidential materials from multiple clients to another of his clients. The disciplinary matter was referred to a referee for an evidentiary hearing.
In March 2012, while he was still on probation from a 2010 disciplinary action, the [*2]respondent represented J.D. in a child visitation matter. M.S. was the court-appointed parenting consultant. During M.S.'s deposition, the respondent implied that M.S. had previously been accused of sexual misconduct with minors. At the hearing before the referee, the respondent testified that he recalled that M.S. had been accused of sexual contact with minors. At the conclusion of the hearing, the referee determined that the respondent had no evidence to support that recollection, that the respondent's testimony was not credible, that the question "appeared to be intended to embarrass and humiliate" M.S., and that the question was asked without a good faith basis, thus violating Minn R Prof Conduct 4.4(a) and 8.4(d).
In 2007, S.A. retained the respondent to represent her in a child custody and visitation matter. In November 2009, the respondent made a motion for a substantial modification of custody, but the supporting records were incomplete. Although the court directed the respondent to provide the records by a specified deadline, he failed to do so and failed to request an extension of time. In January 2010, the court denied S.A.'s request for an evidentiary hearing due to an incomplete record. That same date, the respondent submitted the requested records, albeit a month late. The respondent thereafter requested reconsideration. Although the request was denied, the court nonetheless reviewed the late materials. The referee concluded that the respondent failed to submit the records as directed or to seek an extension of time, thus violating Minn R Prof Conduct 1.1, 1.3, and 8.4(d).
In 2013, S.A. discharged the respondent and requested that her files be returned to her. S.A. retrieved her files in May 2013. In August 2013, S.A. contacted the respondent informing him that her files were incomplete. In December 2013, the respondent located four more boxes of files and sent them to S.A.'s home. The referee determined that the respondent "failed to apply adequate reasonable actions to timely return files," thus violating Minn R Prof Conduct 1.16(d). Among the files sent to S.A. were files belonging to other clients. By doing so, the referee determined that the respondent violated Minn R Prof Conduct 1.6(a).
The respondent did not challenge the referee's findings and conclusions that he violated Minn R Prof Conduct 1.1, 1.3, 1.6(a), 1.16(d) (in the S.A. matter), 4.4(a), and had twice violated Minn R Prof Conduct 8.4(d).
The opinion of the Supreme Court of Minnesota noted that, although the charges were considered "relatively minor," the respondent had an extensive disciplinary history. The respondent's extensive disciplinary history, throughout which he violated several rules, was considered to be an aggravating factor, along with his substantial experience in the practice of law. The fact that the respondent committed misconduct while on probation was deemed an aggravating factor as well. No mitigating factors were found.
By opinion filed November 25, 2015, the Supreme Court of the State of Minnesota determined that a 60-day suspension was warranted, effective 14 days from the filing of the court's order, without requiring a petition for reinstatement. Upon his reinstatement, the respondent would be subject to supervised probation for two years.
New York Proceedings
Served with a notice pursuant to former 22 NYCRR 691.3, the respondent submitted a verified statement and demanded a hearing. He asserted that reciprocal discipline by this Court would be unjust in view of the fact that he has already undergone the 60 days suspension in Minnesota and a reciprocal suspension in Wisconsin for an additional 60 days, and would be undergoing another reciprocal suspension in Florida for 60 additional days. A hearing was initially scheduled for April 26, 2017, but was adjourned to June 20, 2017. On June 13, 2017, the respondent advised the Special Referee and the Grievance Committee that he would be unable to attend the hearing, requested that personal appearances be waived, and further requested that the evidentiary record consist of documentary exhibits and factual statements, if any, submitted by written stipulation. On or about August 3, 2017, a stipulation was executed with exhibits, which was accepted by the Special Referee as the evidentiary record in lieu of a hearing. Pursuant to the stipulation, the respondent waived his right to appear, in person, before the Special Referee and to present witnesses, including himself, for sworn testimony in the matter.
In a written report, the Special Referee found that the respondent failed to meet his burden of demonstrating that the imposition of discipline by this Court would be unjust. The Special Referee noted that respondent had consented to reciprocal discipline in Wisconsin and Florida. The evidentiary record also established that the respondent had been reinstated in Minnesota, Wisconsin, and Florida. The Special Referee further noted that the underlying misconduct would have constituted violations of the Rules of Professional Conduct (22 NYCRR 1200.0) in New York.
Findings and Conclusion
Although served with a copy of the Grievance Committee's motion to confirm, the respondent has neither served a response, nor has he requested additional time in which to do so.
The respondent was previously publicly censured by this Court in 2014 in a previous reciprocal disciplinary proceeding based on an order reprimanding him by the Supreme Court of State of Minnesota (see Matter of Kurzman, 117 AD3d 190).
In view of the "relatively minor" nature of the misconduct underlying the Minnesota order of discipline, and the fact that the respondent does not practice law in New York and has already been reinstated in Minnesota, we conclude that a public censure is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, J.J., concur.
ORDERED that the application to impose reciprocal discipline is granted; and it is further,
ORDERED that the motion to confirm the report of the Special Referee is granted and the respondent is publicly censured pursuant to 22 NYCRR 1240.13.
ENTER:
Aprilanne Agostino
Clerk of the Court